UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS MIGUEL POLO BORREGO
(A-Number: 244-338-772),

                    Petitioner,

        v.

TONYA ANDREWS, et al.,

                    Respondents.

No.  1:26-cv-05982-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHING TEN (10) DAYS

Doc. 1

Petitioner Luis Miguel Polo Borrego is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 4.  The Court has previously addressed the legal issues raised by the petition—that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community.  *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).[1]

---

[1] The Court set an initial briefing schedule on the petition and identified certain prior decisions for respondents to address.  Doc. 8.  Respondents' opposition (Doc. 9) noted facts that were not set out in the petition and motion for temporary restraining order, and which confirm that the legal issues in this case are addressed by the decisions identified on the first page of this Order.

1

Respondents acknowledge that this case raises the same issues.  *See* Doc. 9 at 1 ("Petitioner was paroled into the United States" and re-detained by immigration authorities). Respondents argue that "unlike the category of detainees in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), wherein the Ninth Circuit held that § 1226(a) governs, here, Petitioner was *paroled* into the United States and thus remains subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)."  Doc. 9.  But this court and others have held that due process requires a bond hearing when a parolee in petitioner's circumstances is re-detained.  *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Respondents "submit that this case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing." *Id.*  Respondents "request to submit on this pleading without additional documentation beyond the attachments provided and request that the Court rule on the Petition in its entirety." *Id.* at 2.

As respondents have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026), *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to provide petitioner Luis Miguel Polo Borrego (A-Number: 244-338-772) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  The neutral

decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney.  If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    August 3, 2026

_____
UNITED STATES DISTRICT JUDGE